## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONALD PARK, | ) | |
| | ) | |
| Plaintiff, | ) | 07-2227 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER APPROVING MAGISTRATE RECOMMENDATION

Two recommendations in the above cause were filed by Magistrate Judge David G. Bernthal on August 20, 2008.  Judge Bernthal recommended that the case be remanded for further consideration because the ALJ did not provide any explanation for failing to consider the evidence relating to the plaintiff's COPD and breathing problems.  Judge Bernthal also recommended that the motion for an order which affirms the Commissioner's decision be denied.

The Commissioner has filed an objection to Judge Bernthal's recommendations, stating that the ALJ reasonably addressed the plaintiff's pulmonary condition and explained why he rejected some of the state agency physicians' pulmonary limitations.  The Commissioner argues that the ALJ need not address every piece of evidence in his decision.  Moreover, the Commissioner contends that even if the ALJ adopted all of the plaintiff's pulmonary restrictions, the ALJ would have concluded that the plaintiff was not disabled because he could perform his past relevant work as a travel counselor.

The court agrees with Judge Bernthal that the ALJ failed to explain why he did not consider the plaintiff's breathing problems on his ability to work.  The ALJ mentioned the plaintiff's pulmonary hypertension and shortness of breath and the medications taken for breathing problems (Combivent, Advair, and Prednisone).  However, a mere mention of the plaintiff's breathing problems is inadequate, especially when coupled with the fact that the ALJ did not mention the plaintiff's need for oxygen.

An ALJ is not required to address every piece of evidence.  *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).  However, meaningful review requires the ALJ to articulate his reasons for accepting or rejecting entire lines of evidence.  *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993).  By mentioning the plaintiff's breathing problems and medications, but not discussing their relevance to his decision, the ALJ failed to address, in any meaningful way, an entire line of evidence.

Furthermore, it is not at all clear that, even with due consideration to the plaintiff's breathing difficulties, the ALJ would have concluded that the plaintiff was not disabled.

Consequently, the court accepts Judge Bernthal's report and recommendation [17] that the plaintiff's motion for summary judgment or remand [9] be granted, and orders that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. Moreover, the court has reviewed the transcript of the hearing and agrees with Judge Bernthal that the ALJ may have had a preconceived notion of the result and tried to shape the testimony to that effect. This raises the concern that the plaintiff did not get a fair hearing. On remand, the hearing shall be held and a decision rendered by a different ALJ.

<u>CONCLUSION</u>

The recommendations of the Magistrate Judge [17, 18] are accepted by the court. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986). The plaintiff's motion for summary judgment or remand [9] is granted. The defendant's motion for an order which affirms the Commissioner's decision [13] is denied. This case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings consistent with the recommendation of the Magistrate Judge and this order. On remand, the hearing shall be held, and a decision rendered, by a different ALJ. Remand pursuant to 42 U.S.C. § 405(g), sentence four, terminates the case. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993).

ENTERED this 21st day of October, 2008.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE