**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **RONALD PARK,** )<br>　　　　　　　**Plaintiff,** )<br>　**v.** )<br>　)<br>**MICHAEL J. ASTRUE,** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>　　　　　　　**Defendant.** ) | Case No. 07-2227 |

# REPORT AND RECOMMENDATION

　　　Plaintiff initiated this matter by filing a Complaint for Judicial Review (#3) in which he sought judicial review of final decision of the Defendant which denied his claims for disability benefits under the Social Security Act. Thereafter, Plaintiff filed a Motion for Summary Judgment or Remand (#9). On August 20, 2008, the undersigned filed a Report and Recommendation (#17), which recommended that Plaintiff's Motion for Summary Judgment or Remand (#9) be granted. On October 21, 2008, an Order Approving Magistrate Recommendation (#22) was entered. As the title suggests, the recommendation was adopted and the Court reversed the decision of the Defendant and remanded the case for further proceedings.

　　　Now before the Court is Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#24). Defendant has filed a response in which he concedes that Plaintiff is a prevailing party and has filed a timely application for fees. Defendant objects to an award of fees, asserting that his position was substantially justified. In the event the Court were to award fees, Defendant further objects to the amount claimed. In the Report and Recommendation (#17), the Court faulted the Administrative Law Judge for not providing any explanation for not taking into consideration evidence related to Plaintiff's breathing problems and CPOD. This conclusion resulted in Plaintiff being the prevailing party. It is not the equivalent of finding that the position of the Commissioner was not substantially justified. In making the determination regarding the issue of substantial justification, the Court must look at the "conduct of the Commissioner throughout the civil action." Harris v. Astrue, 2008 WL 410577, *2 (N.D. Ind. Feb. 11, 2008). In examining the entire record, and not focusing on one issue, the undersigned

has concluded that the position of the Commissioner was substantially justified.  First, the Court agreed with the Commissioner that the new evidence Plaintiff submitted to the appeals council should not be considered.  Furthermore, the Commissioner was correct in arguing that the ALJ's credibility determinations as to the Plaintiff were justified and proper.  The Commissioner did acknowledge that the ALJ's credibility determination as to Mr. Nicholson was improper, but asserted that there were other reasons to discount Plaintiff's credibility besides Mr. Nicholson.  The Court found that the ALJ's reasoning as to Plaintiff's credibility was well-supported and explained and, thus, did not constitute patent error.  Accordingly, the Commissioner's arguments that flow from the ALJ's credibility determination were substantially justified.  Specifically, the Commissioner's support of the ALJ's treatment of Plaintiff's pain allegations was substantially justified.  Additionally, the Commissioner supported the ALJ's determination of Plaintiff's limitations including grip impairments and mental health impairments.  There was limited support in the record for Plaintiff's alleged grip and mental impairments.  The Commissioner accurately described the ALJ's reasoning for the grip and mental impairments.

As noted, the Court did find fault with the Commissioner's handling of the issue of breathing problems and COPD.  Such a conclusion does not indicate that the position of the Commissioner was not substantially justified.

Because the position of the Commissioner was substantially justified, Plaintiff is not entitled to fees under the statute.  Accordingly, I recommend pursuant to  recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#24)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 11th day of March, 2009.

                                             s/ DAVID G. BERNTHAL
                                             U.S. MAGISTRATE JUDGE